**FILED**

**JANUARY 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN PALUZZI, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. _____ |
| CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless, and MBLOX, INC., a Delaware corporation, | ) ) ) ) | **08 C 405** |
| Defendants. | ) ) ) | **JUDGE GETTLEMAN** **MAGISTRATE JUDGE VALDEZ** |

**DEFENDANT CELLCO PARTNERSHIP'S NOTICE OF REMOVAL**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), pursuant to 28 U.S.C. § 1441, removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Susan Paluzzi and filed with the Clerk of the Circuit Court of Cook County, Illinois as an exhibit to a Notice to State Court of Removal to Federal Court. A copy of the Notice being filed in state court is attached hereto (without exhibits) as Exhibit A.

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On December 17, 2007, Plaintiff Susan Paluzzi filed a purported class action captioned *Paluzzi v. Cellco Partnership, et al.*, Case No. 07 CH 37213, against Verizon and Defendant mBlox, Inc. ("mBlox") in the Cook County Circuit Court ("State Court Action").

2. Verizon was served with the State Court Action Summons and Complaint on December 19, 2007. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to

28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Verizon in the State Court Action are attached to this Notice as Exhibit B.

3.    The Circuit Court of Cook County is located within the Eastern Division of the Northern District of Illinois.  28 U.S.C. § 84(c)(2),  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).[1]

## ALLEGATIONS OF THE COMPLAINT

4.    This action is a putative class action against Verizon and mBlox on behalf of Illinois wireless telephone subscribers for an alleged "practice of charging cellular telephone customers for products and services the customers have not authorized."  (Compl. ¶ 1.)  In particular, Plaintiff challenges Verizon's billing practices with respect to mobile content—known as premium messaging services—such as ringtones, weather alerts and stock tips.  (*Id.* ¶ 6.)  The content for these services are created by third parties—known as content providers—and are delivered to cell phone subscribers through premium messaging services.

5.    In general, these mobile content services offer a premium message for a certain monthly fee.  (*Id.* ¶¶ 27-28.)  The mobile content—such as weather reports, stock tips, and joke of the day—is delivered to the subscriber's cell phone via an aggregator such as mBlox.  (*Id.*)  The carrier, such as Verizon, then adds the charge for the mobile content to the subscriber's monthly cell phone bill.  (*Id.*)

6.    Plaintiff here alleges that Defendants do not have in place proper procedures necessary to establish customer authorization prior to assessing the monthly charges.  According to Plaintiff, Verizon "cannot authenticate [] customer's authority to be billed for [] mobile

---

[1] Plaintiff has granted Verizon an extension until March 7, 2008 to respond to the Complaint.  On or before that date, Verizon intends to move to compel arbitration of this matter under the parties' Arbitration Agreement and pursuant to the Federal Arbitration Act.

content charges." (*Id.* ¶ 33.) Plaintiff further alleges that "Verizon's decision to continue to charge its customers for mobile content without taking steps to authenticate the representations of the mobile content providers that the customer's authority to be charged was obtained constitutes a deliberate and willful scheme to cheat large numbers of people out of small amounts of money." (*Id.*)

7.    Plaintiff seeks to represent a putative class comprised of "all Verizon wireless telephone subscribers in Illinois who suffered losses or damages as a result of Verizon billing for mobile content products and services not authorized by the subscriber." (*Id.* ¶ 43.) Plaintiff also purports to represent a putative class comprised of "all wireless telephone subscribers in Illinois who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of mBlox not authorized by the subscriber." (*Id.*)

8.    On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for:  (1) breach of contract against Verizon; (2) restitution/unjust enrichment against mBlox; (3) tortious interference with contract against mBlox; (4) computer tampering in violation of 720 ILCS 5/16D-3 against Verizon and mBlox; and (5) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act against Verizon and mBlox.  The Complaint seeks, *inter alia*, compensatory damages, punitive damages, declaratory relief, restitution, attorney's fees, and costs. (Compl. at 17-18.)

9.    Verizon disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class have been harmed in any way.

## BASIS FOR REMOVAL

10.    This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which

grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (requiring removal of consumer class actions which satisfy CAFA requirements).

11.    <u>Covered Class Action</u>.  This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  (*See* Compl. ¶ 43.)

12.    <u>Class Action Consisting of More than 100 Members</u>.  As noted above, Plaintiff brings this purported class action on behalf of Verizon wireless subscribers in Illinois. Moreover, Plaintiff alleges that Verizon engaged in a "deliberate and willful scheme to cheat large numbers of people out of small amounts of money," by purportedly failing to validate the authority of customers to accept mobile content charges.  (Compl. ¶ 33.)  Currently, Verizon has over 400,000 wireless customers in the State of Illinois who have subscribed for mobile content. (Affidavit of Bill Medrano ("Medrano Aff.") ¶ 3.)  Based on Plaintiff's allegations and the number of Verizon wireless subscribers in Illinois, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

13.    <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).    Plaintiff Susan Paluzzi is a citizen of the State of Illinois. (Compl. ¶ 2.)  Plaintiff's Complaint is brought against Verizon, "a Delaware general partnership

with its principal offices in the State of New Jersey," and mBlox, "a Delaware corporation with its headquarters and principal place of business in the State of California." (*Id.* ¶¶ 3-4.) As of the time of removal, the citizenship of Verizon has not changed. Accordingly, a member of the purported class in this case—Plaintiff Paluzzi—is a citizen of a state (Illinois) different from a defendant (Delaware, New Jersey and California), thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

14.   <u>Amount in Controversy</u>.   Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."   28 U.S.C. §§ 1332(d)(2), (d)(6).   Plaintiff alleges that the challenged practices are "inflicting damages of an untold magnitude."   (Compl. ¶ 10.) Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy here satisfies this jurisdictional threshold.   As the Seventh Circuit has explained, for purposes of removal, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties."   *Brill*, 427 F.3d at 448 ("That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment be will zero) does not prevent removal").

15.   <u>Amount in Controversy – Compensatory Damages</u>.   The amount in controversy with respect to compensatory damages alone exceeds $5 million.   The Complaint alleges that "Verizon has for years been systematically, repeatedly and without authorization," charging customers for mobile content.   (Compl. ¶ 32.)   The Complaint further alleges that Verizon engaged in a "deliberate and willful scheme to cheat" customers by purportedly failing to validate the authority of customers to accept mobile content charges.   (*Id.* ¶ 33.)   For the year 2007, Verizon wireless subscribers in Illinois have been billed more than $7,000,000 for mobile

content services, and since inception they have been billed more than $13,000,000 for such services.  (Medrano Aff. ¶ 3.)  Thus, Plaintiff's allegations place in controversy an amount plainly in excess of $5 million.  While Verizon disputes that that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered injury or incurred damages in any amount whatsoever, for purposes of compliance with CAFA, the matter in controversy exceeds $5 million. *See Brill,* 427 F.3d at 447.

16.     <u>Amount in Controversy — Punitive Damages</u>.  The Complaint also seeks punitive damages.  (Compl. at 17.)  Punitive damages are considered part of the amount in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512-13 (7th Cir. 2006) (including punitive damages in analyzing amount in controversy).   Under Illinois law, courts have held that for purposes of assessing the amount in controversy, punitive damages are properly estimated at two to three times compensatory damages.  *See Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F.Supp. 2d 757 (S.D. Ill. 2006) (finding amount in controversy satisfied under CAFA in view of "a constitutionally permissible award of punitive damages in a ratio of two or three times" out-of-pocket damages.)   Verizon believes that no damages, compensatory or punitive, should or will be awarded in this case; however, for purposes of this amount in controversy requirement, claimed punitive damages may be considered.

17.     <u>Amount in Controversy – Attorneys' Fees</u>.   Plaintiff also seeks an award of attorneys' fees.  (Compl. at 17.)  This amount is likewise included in the amount in controversy calculation.  *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *see also, Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2006 U.S. Dist. LEXIS 2129 (N.D. Ill. Jan. 18, 2006) (finding 25% of net recovery to be median fee award).

6

18.   <u>No CAFA Exclusions</u>.   The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).   As neither defendant is a citizen of the State of Illinois, the state in which the action was filed, the exclusions to removal jurisdiction set forth in 28 U.S.C. § 1332(d)(3)-(4) cannot apply, and because no other exclusion applies, this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

## <u>CONCLUSION</u>

19.   For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d).   Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

WHEREFORE, Defendant Verizon gives notice that the above-described action pending

against it in the Circuit Court of Cook County, Illinois, is removed to this Court.

Dated:  January 17, 2008                          Respectfully submitted,

                                                  CELLCO PARTNERSHIP
                                                  d/b/a VERIZON WIRELESS

                                          By:     s/Abigail A. Clapp
                                                  One of Its Attorneys

James G. Richmond (ARDC 6206371)
Abigail A. Clapp (ARDC 6269540)
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601
Tel.    (312) 456-8400
Fax     (312) 456-8435

*Of counsel:*

Penelope A. Preovolos
Geoffrey Graber
MORRISON & FOERSTER
425 Market Street
San Francisco, CA  94105
Tel.    (415) 268-7000
Fax     (415) 268-7522

Dan Marmalefsky
MORRISON & FOERSTER
555 West Fifth Street
Suite 3500
Los Angeles, CA  90013
Tel.    (213) 892-5200
Fax     (213) 892-5454

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing *Notice of Removal* and *Affidavit of Bill Medrano* upon all parties to this matter by depositing a true copy of same in U.S. mail, proper postage prepaid, properly addressed to the following:

> Jay Edelson
> Myles McGuire
> John Blim
> KamberEdelson, LLC
> 53 West Jackson Blvd., Suite 1530
> Chicago, IL   60604
>
> Craig M. White
> Wildman, Harrold, Allen & Dixon LLP
> 225 West Wacker Drive Suite 3000
> Chicago, IL   60606

This 17th day of January 2008

GREENBERG TRAURIG

By:   s/Abigail A. Clapp