IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN PALUZZI, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) ) | NO. 08-CV-00405 |
| v. | ) ) | |
| CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless, and MBLOX, a Delaware Corporation, | ) ) ) ) ) ) | JUDGE ROBERT GETTLEMAN |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MBLOX, INC.'S MOTION TO DISMISS**

Defendant mBlox, Inc. (hereinafter "Defendant" or "mBlox"), through its counsel, hereby submits this Memorandum of Law in support of its Rule 9(b) and 12(b)(6) Motion to Dismiss Plaintiff Susan Paluzzi's (hereinafter "Plaintiff" or "Paluzzi") Complaint, and respectfully request that the Court dismiss Counts IV and V of Plaintiff's Complaint for failure to state actionable claims as a matter of law.

## I.    INTRODUCTION

Plaintiff brings this putative class action alleging that defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon") and mBlox unlawfully charged cellular telephone customers for products and services the customers did not authorize. As to Defendant mBlox, Plaintiff asserts a number of causes of action including: (1) restitution/unjust enrichment (Count II); (2) tortious interference with contract (Count III); (3) violation of the Illinois Computer Tampering Act

("ICTA"), 720 ILCS 5/16D-2 *et seq.* (Count IV); and (4) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. (Count V).

Plaintiff's claim under the ICTA is untenable as Plaintiff has failed to and cannot allege sufficient facts to state a claim for relief under that statute. The crux of Plaintiff's claims involve the receipt of mobile content, including premium text messages, on Plaintiff's cellular telephone. Therefore, Plaintiff has simply failed to adequately plead or allege that Defendant mBlox sent a "computer program" to a "computer" thereby causing damage to the computer as required under the Computer Tampering Act.

Furthermore, Plaintiff has not met the requirements of Rule 9(b) of the Federal Rules of Civil Procedure in alleging her claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). Under the Consumer Fraud Act, Plaintiff must meet the same heightened pleading standards of Rule 9(b) as for common law fraud claims. The Plaintiff's Complaint fails to allege facts with sufficient particularity to meet this requirement and, as a result, that claim must also be dismissed.

Finally, in the interest of efficiency and in order to avoid duplicative pleadings and unnecessary expense, Plaintiff respectfully request that the Court extend the time to respond to the other claims and allegations in the Complaint until ten (10) days after the Court has ruled on this Motion to Dismiss.

## II.     ARGUMENT

A.     **Plaintiff's Claim Under the Computer Tampering Act Fails as a Matter of Law.**

   1.     **Legal Standard for a Rule 12(b)(6) Motion to Dismiss.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint rather than the merits of the case. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 (7th Cir.

1996); *Zurich Capital Markets Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005). The court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in plaintiff's favor. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995); *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991) (finding that a complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims).

### 2. The Computer Tampering Act Does Not Apply to the Allegations in Plaintiff's Complaint.

The Illinois Computer Tampering Act, 720 ILCS 5/16D-3, a provision of the Illinois Criminal Code, provides that a person who suffers loss by reason of a violation of Subsection 3(a)(4) may bring a civil action against a violator to "obtain appropriate relief." A person violates 720 ILCS 5/16D-3(a)(4) when the person:

> Inserts or attempts to insert a "program" ***into a computer or computer program*** knowing or having reason to believe that such "program" cont***ains information or commands that will or may damage or destroy that computer***, or any other computer subsequently accessing or being accessed by that computer, or that will or may alter, ***delete or remove a computer program or data from that computer***, or any other computer program or data in a computer subsequently accessing or being accessed by that computer, or that ***will or may cause loss to the users of that computer*** or the users of a computer which accesses or which is accessed by such "program."

3

720 ILCS 5/16D-3(a)(4) (emphasis added).  The ICTA defines "computer" as "a device that accepts, processes, stores, retrieves or outputs data, and includes but is not limited to auxiliary storage and telecommunications devices *connected to computers*."  720 ILCS 5/16D-2(a) (emphasis added).  In addition, the statute defines "computer program" as "a series of coded instructions or statements in a form acceptable to a computer which causes the computer to process data and supply the results of the data processing." 720 ILCS 5/16D-2(b).

The Computer Tampering Act simply does not apply to the facts alleged in Plaintiff's Complaint.  In her Complaint, Plaintiff alleges that Defendant mBlox violated the ICTA by "knowingly participating in and/or facilitating the insertion of mobile content into class members' cellular phones without the permission of the cellular phones' respective owners, knowing and/or having reason to believe that the insertion of the unauthorized mobile content will or may cause loss to the users of that cellular phone." Complaint, ¶ 73.  First and foremost, despite Plaintiff's conclusory claims to the contrary, a cellular phone is not a "computer" under the Computer Tampering Act.  While the ICTA mentions "telecommunication devices" in its definition of computer – which conceivably could include cellular phones – those telecommunications devices must be "*connected to computers*."  20 ILCS 5/16D-2(a) (emphasis added).  There is simply no basis to construe the ICTA to include all telecommunications devices which is necessary for Plaintiff's allegations to survive a motion to dismiss.

Had the Illinois legislature so intended, it certainly could have expressly broadened the scope of ICTA.[1]  Where the legislature's intent can be ascertained from the plain language of the statute, that intent must prevail and will be given effect without resort to other aids for

---

[1] For example, the Illinois Wireless Services Theft statute, 720 ILCS 5/16F-2, confirms that the Illinois legislature could have included cell phones and other wireless devices within the definition of computer had they so intended.  That statute provides specific definitions for "wireless device" and "wireless service," and the fact that the Illinois legislature specifically chose not to include these definition as part of ICTA confirms that the legislature did not intend for ICTA to apply to cell phones and other wireless devices.

4

construction. *Gillespie v. Equifax Information Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007) ("When interpreting statutes, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent."); *In re Barker*, 768 F.2d 191, 194-95 (7th Cir. 1985) (if the statute's language is unambiguous, the Court cannot resort to extrinsic aids in construing the statutory language and must enforce a constitutionally valid statute as enacted); *Dersch Energies v. Shell Oil Co.*, 314 F.3d 846, 861 (7th Cir. 2002) (the familiar canon of statutory construction, *expressio unius est exclusion alterius*, provides that "to express or include the one thing implies the exclusion of the other"); *Tri-State Terminals, Inc. v. Jesse*, 596 F.2d 752, 756 (7th Cir. 1979) (*expressio unius* "is premised on the assumption that the legislature considered and rejected all factors not listed").

Plaintiff can cite to no case that applies the ICTA to cellular phones. The only reported cases in which an ICTA claim has been brought involve facts alleging unauthorized **computer** access or actual physical tampering with a **computer** which leads to some sort of computer damage or data loss. *See, e.g.*, *Universal Imagine Print Group, LLC v. Mullen*, 2008 WL 62205 (N.D. Ill. Jan. 4, 2008) (alleging ICTA claim against former employee who destroyed data contained on company computers); *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219 (N.D. Ill. 2005) (alleging deceptively installed spyware software on office computers); *Hasan v. Foley & Lardner*, 2007 WL 2225831 (N.D. Ill. July 26, 2007) (involving the installation and possible use of internet wiping program downloaded by former employer to plaintiff's computer prior to termination). None of these cases expand the scope of the ICTA to pertain to cellular phones as Plaintiff alleges here.

In addition to the plain language of ICTA and the dearth of any cases to support applying the statute to mobile content sent to cell phones, Plaintiff also has not alleged any damage, destruction or loss due to a "computer program." There is no factual basis to support Plaintiff's conclusory assertion that mobile content is a "computer program." Complaint, ¶ 72. There is no allegation that such mobile content contains "a series of coded instructions" which causes a "computer" to "process data and supply the results of the data processing," as defined by ICTA. 720 ILCS 5/16D-2(b). Moreover, the crux of Plaintiff's claim for damages under ICTA is for charges she allegedly incurred for mobile content. Specifically, Plaintiff alleges that her damages are a result of "charges for mobile content services to which [she] did not consent" and "inflated cellular service bills." (Complaint ¶ 74). Plaintiff also makes conclusory allegations that she "lost time" and "lost storage space, connectivity and computing resources" as a result of receiving unauthorized mobile content text messages on her non-computer cellular phone. (Complaint ¶ 74). None of these alleged "losses" demonstrate that the mobile content that about which Plaintiff complains contained any "information or command that will or may damage or destroy that computer…or may alter, delete or remove a computer program or data from that computer…or that will or may cause loss to the users of that computer." 720 ILCS 5/16D-3(a)(4). In short, Plaintiff cannot establish that the text messages or mobile content on her cell phone (even assuming that it can be classified as a computer) caused any damage to or destroyed her cell phone. *See Hasan*, 2007 WL 2225831, at \*7 (granting summary judgment dismissing ICTA claim where counterclaimant could not establish that mere installation of internet wiping software on laptop caused a loss); *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995) (a plaintiff "may not avoid dismissal…simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims").

Because Plaintiff's Complaint fails to state a claim on which relief may be granted under the Computer Tampering Act, the Court must dismiss Count IV of the Complaint with prejudice.

### 3. Dismissal with Prejudice of Computer Tampering Act Claim Is Warranted Because Plaintiff is Unable to Prove Any Set of Facts that Would Entitle Her to Relief.

As demonstrated above, Plaintiff is unable to prove any set of facts that would entitle her to relief under the Computer Tampering Act. Plaintiff's allegations that Defendants assisted mobile content providers in bringing allegedly unauthorized mobile content, such as premium text messages, to Plaintiff's cellular phone via the wireless carriers is simply insufficient to allege a claim for computer tampering under ICTA. ICTA does not apply to a cell phone unless it is connected to a computer, and Plaintiff has not alleged and cannot allege that the text messages caused damage or destruction of her cell phone. The Court should dismiss the ICTA claim with prejudice because Plaintiff cannot do anything to remedy the factual and legal defects to this wholly inappropriate cause of action. *See Bartoli v. Attorney Registration & Diciplinary Comm'n, 1998 WL 100346*, *8 (N.D. Ill. Febur. 24, 1988); *Roncone v. Ligurotis*, 1993 WL 321737, at *4 (N.D. Ill. Feb. 24, 1998); *Wheeler v. Pension Value Plan for Employees of Boeing Co.*, 2007 WL 781908 (S.D. Ill. March 13, 2003) (dismissing a complaint with prejudice is proper where it is clear that the plaintiff's claims are incurably defective and granting leave to amend the complaint will serve no purpose other than to prolong the litigation unnecessarily); s*ee also* 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 1998 & Supp. 2007) ("[L]eave to amend the complaint [following a Rule 12(b)(6) dismissal] should be refused…if it appears to a certainty that the plaintiff cannot state a claim.").

**B.     Plaintiff Has Failed to Allege its Consumer Fraud Act Claim with the Specificity Required Under the Federal Rules.**

    **1.     Legal Standard for a Rule 9(b) Motion to Dismiss.**

Federal Rules of Civil Procedure 9(b) carves out an exception to the otherwise liberal pleading requirements under the Federal Rules and requires that a plaintiff plead fraud-based claims with particularity.  FED. R. CIV. P. 9(b); *Graue Mill. Dev. Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 992 (7th Cir. 1991); *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 782-83 (7th Cir. 1999).  In order to plead a fraud-based claim with particularity, a plaintiff must provide the "circumstances constituting fraud" including "the identity of the person who make the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).  In other words, Plaintiff "must provide 'the who, what, when, where, and how.'"  *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).  In deciding a motion to dismiss, the courts recognize that Rule 9(b) must be applied with its objectives in mind, which are: (1) to inform defendants of the nature of the claim so that they may effectively respond and defend; (2) to prevent the pleading of conclusory complaints which permit a plaintiff to uncover wrongs through discovery; and (3) to protect defendants from unfounded fraud charges.  *Reshal Assoc., Inc. v. Long Grove Trading Co.*, 754 F. Supp. 1226, 1230 (N.D. Ill. 1990).

    **2.     Plaintiff's Complaint Does Not Plead the Consumer Fraud Act Claims with Sufficient Particularity and Specificity.**

To state a claim under the Illinois Consumer Fraud Act, Plaintiff must plead the following elements: (1) a deceptive act or unfair practice by the defendant, (2) intent by the defendant that the plaintiff rely on that act or practice, (3) that the deception or unfair practice

occur in the course of conduct involving trade and commerce, and (4) that the deceptive act or unfair practice proximately caused the plaintiff's injury. *Anthony v. Country Life Manufacturing, LLC*, 70 Fed. Appx. 379, 382 (7th Cir. 2003); *Durst v. Ill. Farmers Ins. Co.*, 2006 WL 140546 (N.D. Ill. January 12, 2006). A plaintiff must prove actual deception under the Consumer Fraud Act. *Shannon v. Boise Cascade Corp.*, 208 Ill.2d 517, 525 (2004); *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 199-200 (2005). In federal court, a Consumer Fraud Act claim must be pled with the same particularity and specificity as required under common law fraud. *See Durst*, 2006 WL 140546; *Ramson v. Layne*, 668 F. Supp. 1162, 1170 (N.D. Ill. 1987); *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 490, 675 N.E.2d 584 (1996). "Particularity" has been interpreted to mean that the plaintiff must "specify the time, place and contents of any alleged false representations, and the full nature of the transaction." *See McKee v. Pope Ballard Shepard & Fowle, Ltd.,* 604 F. Supp 927, 930 (N.D. Ill. 1988); *Hyundai Construction Equip. U.S.A., Inc. v. Hilson Machinery Co.*, 2003 WL 1126662 (N.D. Ill. March 12, 2003) (claim for fraud must specify "the identity of the person who made the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff").

Plaintiff's Complaint fails to plead with particularity the facts required to state a claim under the Consumer Fraud Act. Plaintiff's allegations in Count V only broadly allege that "Defendants violated [the Consumer Fraud Act]…through their conduct alleged above, as set forth above." (Complaint ¶ 78) This allegation standing alone is certainly insufficient to satisfy the requirements of Rule 9(b). *Appraisers Coalition v. Appraisers Institute*, 1993 WL 326671, *8 (N.D. Ill. August 23, 1993). While the remainder of the Complaint does generally describe the purportedly unfair or deceptive business practice supposedly perpetrated by Defendant

mBlox (Complaint, ¶¶ 13-23), Plaintiff has not identified with any particularity the number of instances of unwanted mobile content, the dates when the unwanted mobile content was communicated, what the mobile content included, whether or not the mobile content was authorized or unauthorized, whether or not Plaintiff was charged or billed for the unwanted mobile content, and whether or not Plaintiff paid the bill or charge for the unwanted mobile content. In this regard, the purposes of Rule 9(b) are thwarted by Plaintiff's omissions. Plaintiff's allegations do not inform mBlox of the particular transactions that Plaintiff contends are fraudulent or deceptive, and Plaintiff does not give even the slightest bit of information regarding the nature and extent of the mobile content at issue, the mobile content provider, or the relationship of the mobile content to the purported unauthorized charges by the carrier. Without this basic information regarding the particular transactions of which Plaintiff complains, mBlox is plainly unable to adequately respond to the Complaint.

**C.     Defendant Respectfully Request that the Time to Answer the Remaining Allegations in Plaintiff's Complaint Be Extended Until Ten Days After the Court Rules on this Motion to Dismiss.**

Finally, Defendant mBlox respectfully requests that the time to answer the remaining allegations in Plaintiff's Complaint be extended until ten (10) days after the Court rules on this Motion to Dismiss. The courts in this District have recognized that the majority of courts considering whether a party is required to answer unchallenged counts after a Rule 12(b) motion has been filed as to certain, but not all, of the counts, have concluded that a party does not need to file an answer while a partial motion to dismiss is pending. *See Oil Express National, Inc. v. Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997) (citing *Brocksopp Engineering, Inc. v. Back-Simpson Ltd.*, 136 F.R.D. 485 (E.D. Wis. 1991)). In fact, one court has recognized that when a party has filed a partial motion to dismiss with regard to some claims, that party has until ten

(10) days after the Court has resolved the partial motion to dismiss to file a responsive pleading "**by operation of law**." *Shah v. KIK International, LLC*, 2007 WL 1876449, *1 (N.D. Ind. 2007) (emphasis added). The reason for this automatic extension is apparent as it is "inefficient since it would result in possibly duplicative sets of pleadings," "could cause confusion over the proper scope of discovery during the motion's pendency," and would result in unnecessary expenses and wasted time. *Oil Express*, 173 F.R.D. at 221; *Shah*, 2007 WL 1876449, at *1.

### III.　CONCLUSION

For the reasons set forth above, Defendant mBlox respectfully requests that this Court grant mBlox's motion to dismiss as to Counts IV and V and dismiss those claims with prejudice.

DATED:　　February 11, 2008　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**MBLOX, INC.**

　　　　　　　　　　　　　　　　　　　　　　By:　　　/s/ Brent R. Austin　　　
　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Craig M. White (white@wildman.com)
Brent R. Austin (austin@wildman.com)
Chung-Han Lee (chunglee@wildman.com)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL  60606
(312) 201-2000 (telephone)
(312) 201-2555 (fax)
Firm ID No. 10535

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 11, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jay Edleson
John Blim
Myles McGuire
KamberEdelson, LLC
53 West Jackson Boulevard
Suite 1530
Chicago, IL 60604

                                              /s/ Brent R. Austin