UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN PALUZZI, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a/ Verizon Wireless, and MBLOX, INC., a Delaware corporation,<br><br>Defendants. | Case No. 1:08-cv-00405<br><br>Judge Robert W. Gettleman |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

A removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the threshold in order to carry their burden. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). "[P]art of the removing party's burden is to show not only what the stakes of the litigation could be, but also what they *are* given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "A *good-faith estimate* of the stakes is acceptable if it is *plausible* and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (emphasis added).

Instead of producing any evidence that would support a good faith estimate as to the amount of the alleged unauthorized mobile content charges, i.e. the primary damages sought in this lawsuit, Verizon[1] advances two arguments in its response brief. First, it erroneously claims that Plaintiff's suit seeks the refund of not simply the unauthorized charges, but rather of all charges – unauthorized and authorized alike -- levied by Verizon. Second, it argues that, because

---

[1] mBlox, Inc. joins in Verizon's motion but does no more than incorporate its arguments by reference.

Plaintiff alleges that Verizon "frequently" and "systemically" billed customers for unauthorized charges, it logically follows that at least 8% of the total charges billed to Illinois consumers were alleged to have been unauthorized, thus putting over $5,000,000 in damages at issue, once punitive damages and the like are considered. As a Florida district court held this week, in rejecting Verizon's identical arguments in a parallel action brought on behalf of a Florida class[2], Verizon's arguments fail to withstand scrutiny. *See Gray v. CellCo Partnership*, No. 08-60146 (S.D. Fla. March 26, 2008) (attached hereto as Exhibit A).

1. Paluzzi's complaint does not put the entire amount Defendants charged for mobile content services at stake.

In a fittingly short two-paragraph argument, Verizon first claims that CAFA jurisdiction exists because Paluzzi "challenges Verizon's entire system for billing mobile content charges," thus putting at issue some $13 million. Opp. Mot. at 6-7. That is a sleight of hand, at best. Although it is true that Paluzzi alleges that Verizon's billing system does not have adequate safeguards to ensure that only authorized charges are billed, nowhere in her complaint does she even hint that her suit is attempting to recoup all charges. In fact, Paluzzi's complaint makes explicit the obverse, i.e. that she is only suing to recoup the unauthorized charges. Her classes, thus, are expressly limited to persons who "suffered losses or damages as a result of [being charged for] services not authorized by the subscriber[.]" Cmplt. ¶43. And her causes of action are similarly focused solely on the recoupment of unauthorized charges. See, e.g. Cmplt., ¶57 (alleging that Defendant breached its contracts by "billing Plaintiff and the Carrier Class for products or services, *the purchase of which they never authorized.*"); ¶60 ("mblox has received and retain[ed] money belonging to Plaintiff and the Aggregator Class resulting from their billing billing and collecting significant sums of money *in unauthorized mobile content charges.*"); ¶68

---

[2] That case is being prosecuted and defended by the same attorneys involved in the instant case.

(mblox tortiously interfered with subscription agreements by "causing to be placed on the cellular telephone bills . . . *unauthorized charges.*") ¶73 (bringing Computer Tampering claim due to "the insertion of . . . *unauthorized mobile content.*")[3]

Consistent with this analysis, a Florida district court rejected Verizon's precise argument in the parallel action cited above brought against Verizon on behalf of a Florida class:

> Notwithstanding Verizon's characterizations of Plaintiff's claims, Gray does not claim that all amounts Defendants billed and collected for mobile content services were improper, rather, she claims that some of thus charges were unauthorized and thus improper. . . . The undersigned agrees with Plaintiff, therefore, that Verizon has failed to adequately demonstrate a relationship between the amount in controversy and the $24 million figure Verizon claims it charged all Florida customers for mobile content services.

*Gray*, at *4.

2. Verizon's affidavit showing the total amount it has billed Illinois subscribers for mobile content services does not show in excess of $5,000,000 is at stake.

Because Paluzzi's complaint does not put the entire amount Defendants charged for mobile content services at stake, Verizon's affidavit showing the total amount it has billed Illinois subscribers for mobile content services does not show in excess of $5,000,000 is at stake. Whether Verizon has provided a good-faith estimate of the amount in controversy must be considered in light of Paluzzi's claims. See *Brill*, 427 F.3d at 449. Verizon argues that Medrano's affidavit, which states that "since inception" it has billed Illinois subscribers over $13,000,000 for mobile services, demonstrates that over $5,000,000 is at stake. Opp. Mot. 7. However, because Paluzzi's complaint puts in controversy *only those amounts which Defendants have collected without authorization*, Cmplt. ¶43, the total amount Verizon has billed subscribers

---

[3] Verizon's brief either ignores these allegations or dismisses them as "procedural gamesmanship" aimed at avoiding CAFA jurisdiction. That is unconvincing. Plaintiff is free to craft her complaint in the manner of her choosing and, more importantly, it is hard to imagine how she could have brought suit on behalf of people who paid for only authorized products.

3

for mobile content services does not provide "a good-faith estimate of the stakes" that is "*plausible* and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511 (emphasis added). Verizon's lone affidavit is particularly unqualified to be a "good faith" estimate of the stakes at issue here given the information that *is* available to Defendants.

Again, the *Gray* decision is in accord:

> To find that more than $5 million is in controversy the undersigned would necessarily have to speculate as to the size of the classes and the likely average amount of recovery for each class member, or assume that approximately 20% of the mobile content service charges were improper. A district court, however, is not permitted to engage in this type of guesswork.

*Gray*, at *4.

Similarly, the fact that Paluzzi might recover punitive damages is of no help to Verizon. See *id.* (explaining that "[t]he punitive damages discussion, therefore, simply adds more speculation to a record insufficient to satisfy Verizon's burden as the removing party."

In the end, Verizon is doing nothing more than asking the Court to guess that 8 out of every 100 charges were unauthorized. This is precisely the type of speculation that is impermissible under CAFA jurisprudence.

### III. Attorneys' Fees

Plaintiff respectfully requests attorneys' fees and costs. Plaintiff recognizes that an award of attorneys' fees is only appropriate where a removing party lacks an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 142, 126 S. Ct. 704, 711 (U.S. 2005), *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Verizon's Notice of Removal conspicuously lacked an objectively reasonable basis for removal. It is well-settled that Defendants have the burden of establishing that the amount in controversy exceeds $5,000,000, *Brill*, 427 F.3d at 447-448, and neither Defendant provided any meaningful evidence in their initial Notice of Removal or subsequent papers to support removal. As Verizon has failed to

provide to "a good-faith estimate of the stakes" of the litigation that is "plausible and supported by a preponderance of the evidence," Plaintiff respectfully requests that the Court grant her motion to remand and award her attorneys' fees and costs. See *Oshana*, 472 F.3d at 511.

Dated: March 26, 2008

Respectfully submitted,

By: /s/ Myles McGuire
MYLES MCGUIRE
One of the Attorneys for Susan Paluzzi, individually and on behalf of a class of similarly situated individuals

JAY EDELSON
MYLES MCGUIRE
ELIZABETH MACKEY (*Pending Pro Hac Vice*)
JOHN BLIM (Of Counsel)
KAMBEREDELSON, LLC
53 West Jackson Boulevard, Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370