UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60146-CIV-ALTONAGA/Turnoff

**LISA GRAY**, individually and on behalf of a
class of similarly situated individuals,

    Plaintiff,

vs.

**CELLCO PARTNERSHIP**, a Delaware
General Partnership d/b/a Verizon Wireless;
and **MOBILE MESSENGER AMERICAS,
INC.**, a Delaware corporation,

    Defendants.
_____ /

### ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff, Lisa Gray's ("Gray[']s") Motion to Remand [D.E. 9], filed February 25, 2008. The Court has carefully reviewed the parties' written submissions and applicable law.

Gray has brought this putative class action against Defendants, Cellco Partnership d/b/a Verizon Wireless ("Verizon") and Mobile Messenger Americas, Inc. ("Mobile Messenger"), seeking to stop a practice Gray alleges Defendants engage in of causing cellular telephone customers to be billed for unauthorized and unwanted mobile content services and to obtain redress for persons who have been injured by that practice. Verizon[1] timely removed this action based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which gives federal district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of a class of over 100 plaintiffs is a citizen of a state different from the state of any defendant.

---

[1] Under the Class Action Fairness Act of 2005 no other defendants are required to consent or join in the removal. *See* 28 U.S.C. § 1453(b).

Case No. 08-60146-CIV-ALTONGA/Turnoff

Gray seeks a remand on the ground that Verizon has failed to show by a preponderance of the evidence that the action places at least $5 million in controversy.

Gray's Complaint contains a count for breach of contract (Count I), restitution/unjust enrichment (Count II), and tortious interference with contract (Count III) on behalf of two proposed classes: as to Count I, a Carrier Class, and as to Counts II and III, a Mobile Content Provider Class. The "Carrier Class" is defined as a class consisting of all Verizon wireless telephone subscribers in Florida who suffered losses or damages as a result of Verizon billing for mobile content products and services not authorized by the subscriber. The Mobile Content Provider Class consists of all wireless telephone subscribers in Florida who suffered losses or damages as a result of incurring charges on their cellular telephone bills from, or on behalf of, Mobile Messenger which were not authorized by the subscriber. Gray alleges that Verizon, systematically and repeatedly, and without authorization, has been billing its customers for the purchase of products and services not agreed to by the customers and along with third-party services providers, has been profiting significantly through this practice. The disputed services include access to and billing for third-party mobile content services such as ring tones, chat services, horoscopes, stock tips, weather alerts, participatory television, payment services and other forms of software provided by hundreds of third-party vendors with names such as Mobile Messenger.

Verizon asserts that while the Complaint does not allege an amount in controversy, the $5 million threshold is satisfied for several reasons. First, reading the Complaint as a whole reveals that Plaintiff is challenging Verizon's entire billing system for mobile content charges to Florida wireless subscribers and Plaintiff cannot insist the class she seeks to represent includes only those who may ultimately prove their charges were unauthorized. Verizon relies on the declaration of Bill Medrano,

attached to its Notice of Removal, which states Verizon's total charges for mobile content to wireless subscribers in Florida exceeds the sum of $24 million, an amount far greater than the $5 million threshold required for federal jurisdiction under CAFA. Second, even if Plaintiff is not challenging the entire billing system, because Plaintiff is seeking punitive damages, capped at three times the amount of compensatory damages (unless a defendant is shown to have acted with the specific intent to harm the claimant), if Plaintiff merely recovers $1.25 million in compensatory damages (less than 5% of Verizon's total mobile content charges), then the CAFA jurisdictional threshold is satisfied.

Under 28 U.S.C. § 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction, as Verizon recognizes, falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 & n.8 (11th Cir. 2006) (removing party bears burden of establishing federal jurisdiction under CAFA). Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Where a "'plaintiff has not pled a specific amount of damages, the removing defendant must prove by a *preponderance of the evidence* that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema*, 450 F.3d at 1330 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added)). Because the amount in controversy is not apparent on the face of Gray's Complaint, the undersigned must necessarily "look to the notice of removal and may

3

Case No. 08-60146-CIV-ALTONGA/Turnoff

require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

Notwithstanding Verizon's characterization of Plaintiff's claims, Gray does not claim that all amounts Defendants billed and collected for mobile content services were improper, rather, she claims that some of those charges were unauthorized and thus improper. To find that more than $5 million is in controversy the undersigned would necessarily have to speculate as to the size of the classes and the likely average amount of recovery for each class member, or assume that approximately 20% of the mobile content service charges were improper.[2] A district court, however, is not permitted to engage in this type of guesswork. *See Lowrey v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007). The undersigned agrees with Plaintiff, therefore, that Verizon has failed to adequately demonstrate a relationship between the amount in controversy and the $24 million figure Verizon claims it charged all Florida consumers for mobile content services. *See, e.g., Pearson's Pharmacy, Inc. v. Blue Cross & Blue Shield of Alabama*, 2007 WL 3496031, at *1 (M.D. Ala., Nov. 14, 2007).

As to Verizon's argument that the prayer for punitive damages brings this case within the jurisdictional amount, the Complaint requests exemplary damages if the challenged conduct is proved to be willful. And while the Court must consider punitive damages when determining if the jurisdictional amount in controversy has been satisfied, unless it is apparent that such cannot be recovered, *see, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted), the Court returns to what sum, if any, is shown by a preponderance of the evidence to be the amount in controversy from which one can extrapolate a punitive damage recovery. *See, e.g., Sharritt v. Liberty Mut. Ins. Co.*, 2005 WL 1505994, at *1 (S.D. Ala. June 24,

---

[2] For example, Gray alleges she was improperly charged $19.99 and further alleges Defendants improperly charged consumers "as little as a few dollars to at most several hundreds of dollars per person."

4

Case No. 08-60146-CIV-ALTONGA/Turnoff

2005) (finding defendant had not satisfied its burden where it had only shown amount in controversy to be $6,700, thus, punitive damage would have to be more than ten times the compensatory damages). Verizon posits that as little as $1.25 million is necessary for punitive damages in three times that amount to bring this case over the requisite jurisdictional sum. Even assuming that Verizon's estimate is not unreasonably high, the Court must nevertheless reject it because it is not based on any analysis of the evidence at the time of removal. *See Lowrey*, 483 F.3d at 1210 (rejecting defendants' argument that, to reach the jurisdictional threshold, each of the roughly 400 plaintiffs need only recover on average $12,500 – "a relatively low hurdle" – because it would require the court to engage in "impermissible speculation"). The punitive damages discussion, therefore, simply adds more speculation to a record insufficient to satisfy Verizon's burden as the removing party.

Resolving all doubts in favor of remand, as the Court must, *see, e.g., Miedema*, 450 F.3d at 1328-29, it is

**ORDERED AND ADJUDGED** that the Motion to Remand **[D.E. 9]** is **GRANTED** and this cause remanded to the Seventeenth Judicial Circuit, in and for Broward County, Florida. The Clerk of Court is directed to mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of March, 2008.

_____<br>
**CECILIA M. ALTONAGA**<br>
**UNITED STATES DISTRICT JUDGE**

cc:  Hon. William C. Turnoff
     counsel of record