## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SUSAN PALUZZI, individually and on behalf of a class of similarly situated individuals,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CELLCO PARTNERSHIP, a Delaware General )<br>Partnership d/b/a Verizon Wireless, and MBLOX, )<br>INC., a Delaware corporation,  )<br>  )<br>Defendants.  )<br>_____) | No.  08 C 405<br>Judge Robert Gettleman |

## DEFENDANT CELLCO PARTNERSHIP'S
## AGREED MOTION FOR LEAVE TO FILE SUR-REPLY

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), by agreement with Plaintiff, respectfully requests leave to file the attached two-page Sur-Reply in opposition to Plaintiff's Motion to Remand.  Plaintiff does not oppose this Motion.

Verizon seeks leave to file a Sur-Reply for the sole purpose of addressing the March 26, 2008 remand order issued in *Gray v. Cellco Partnership, et al.*, Case No. 08-60146 (S.D. Fla.) ("Florida Order").  The two reasons a Sur-Reply is required to address the Florida Order are (1) the Florida Order was entered after Verizon filed its Opposition, and (2) the Florida Order was extensively cited in Plaintiff's Reply in support of its Motion to Remand in this case, also filed after Verizon's Opposition.

The district court entered the Florida Order pursuant to Eleventh Circuit precedent.  The Court placed heavy emphasis on *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), in which the Eleventh Circuit held that a district court in the Eleventh Circuit lacks subject matter jurisdiction under CAFA unless it is apparent from the face of the complaint (or from documents received from the plaintiff) that the action places $5 million in controversy.  *Id.*

Significantly, the *Lowery* Court refused to consider the nature of plaintiff's class claims in determining the amount in controversy.  As set forth more fully in Verizon's Sur-Reply, the Eleventh Circuit precedent upon which the Florida Order was based directly conflicts with the Seventh Circuit's reasoning in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005), in which the Seventh Circuit specifically evaluated the plaintiff's allegations in order to determine the amount in controversy.

Further to this request, and pursuant to N.D. Ill. L.R. 78.3, Verizon respectfully requests that this Court hear oral argument on Plaintiff's Motion to Remand at the status hearing set for May 14, 2008.  Verizon respectfully requests twenty minutes for oral argument.

Dated:  April 17, 2008

Respectfully submitted,

CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS

By:     s/Abigail A. Clapp
        One of Its Attorneys

James G. Richmond (ARDC 6206371)
Abigail A. Clapp (ARDC 6269540)
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL  60601
Tel.    (312) 456-8400
Fax     (312) 456-8435

*Of counsel:*

Penelope A. Preovolos
Dan Marmalefsky
Geoffrey Graber
MORRISON & FOERSTER
425 Market Street
San Francisco, CA  94105
Tel.    (415) 268-7000
Fax     (415) 268-7522