**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN PALUZZI, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 405 Judge Robert Gettleman |
| CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless, and MBLOX, INC., a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT CELLCO PARTNERSHIP'S
SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") respectfully submits this Sur-Reply for the sole purpose of addressing the March 26, 2008 remand order issued in *Gray v. Cellco Partnership, et al.*, Case No. 08-60146 (S.D. Fla.) (hereinafter "Florida Order"), which Plaintiff cites extensively in her Reply brief. As discussed below, in entering the Florida Order, the district court relied on Eleventh Circuit precedent that is inconsistent with the Seventh Circuit's reasoning in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005). Accordingly, Plaintiff's reliance on the Florida Order is misplaced.

In her Reply brief, Plaintiff cites extensively to the Florida Order. (Pl.'s Reply at 2-4.) As Plaintiff noted, the district court in *Gray* determined that the plaintiff's allegations did not place $5 million in controversy. In so holding, the district court in *Gray* relied on Eleventh Circuit precedent. The court placed particular emphasis on *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), in which the court held that a district court in the Eleventh Circuit lacks subject matter jurisdiction under CAFA unless it is apparent from the face of the complaint (or from documents received from the plaintiff) that the action places $5 million in controversy. Specifically, the court in *Lowery* refused to consider the nature of plaintiff's class claims in

determining the amount in controversy. *Lowery*, 483 F.3d at 1210 (rejecting defendant's argument that the $5 million amount in controversy was established in light of plaintiff's mass tort claims in connection with the alleged unlawful discharge of particulates and gases into the air and ground water).

The Eleventh Circuit's decision in *Lowery* conflicts with Seventh Circuit precedent. As Verizon noted in its Opposition, the Seventh Circuit's reasoning in *Brill* obligates this court to examine the nature of plaintiff's claims to determine the amount in controversy. In *Brill*, defendant Countrywide admitted to $1.9 million in statutory penalties — *still below the $5 million jurisdictional threshold*. The Court, however, held that "Countrywide did all that is necessary" to establish $5 million in controversy because, if plaintiff succeeded in establishing willfulness, the damages would be trebled to $5.7 million. *Brill*, 427 F.3d at 449. In order to reach this conclusion, the Seventh Circuit noted that the "complaint [did not] abjure trebled damages; it held open that possibility, depending on the state of the proof." *Id*. The Court further observed that plaintiff's "Complaint reads: 'if the evidence shows that the violation was willful, plaintiff requests trebling of the damages.'" *Id*. Thus, unlike the Eleventh Circuit in *Lowery*, the Seventh Circuit in *Brill* recognized that a plaintiff's allegations can establish the requisite amount in controversy, even if the defendant does not admit, and the plaintiff does not explicitly plead, $5 million in damages.

Under this Seventh Circuit precedent, Plaintiff's allegations are more than sufficient to establish $5 million in controversy. Plaintiff does not "abjure" the possibility that most of the mobile content charges are unauthorized. To the contrary, Plaintiff strenuously insists that Verizon imposes unauthorized charges on a routine, frequent, and systematic basis. (Indeed, the Complaint challenges all of the charges.) Based on these broad allegations, "a recovery exceeding $5 million for the class as a whole is not 'legally impossible.'" *Id*. at 449.

In sum, Plaintiff's reliance in its Reply brief on the Florida Order is misplaced because the Florida Order is based on Eleventh Circuit precedent that is inconsistent with binding,

2

Seventh Circuit precedent. Accordingly, and for the reasons more fully set forth in Verizon's Opposition to Plaintiff's Motion to Remand, this Court should deny the Motion to Remand.

Dated: April 17, 2008

Respectfully submitted,

CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS

By:   s/Abigail A. Clapp
      One of Its Attorneys

James G. Richmond (ARDC 6206371)
Abigail A. Clapp (ARDC 6269540)
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
Tel.   (312) 456-8400
Fax    (312) 456-8435

*Of counsel:*

Penelope A. Preovolos
Dan Marmalefsky
Geoffrey Graber
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Tel.   (415) 268-7000
Fax    (415) 268-7522