IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN PALUZZI, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No.  08 C 0405 |
| v. | ) ) | Judge Robert W. Gettleman |
| CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless, and MBLOX, INC., a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff Susan Paluzzi brought a five count putative class action complaint in the Circuit Court of Cook County, Illinois, against defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon") and mBlox, Inc., claiming that defendants have a practice of unlawfully charging cellular telephone customers for unauthorized products and services.  Verizon removed the case to this court based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which gives federal district courts original jurisdiction over class actions in which the amount in controversy exceeds $5 million and any member of a class of over 100 plaintiffs is a citizen of a state different from the state of any defendant.  Plaintiff has moved to remand, arguing that the court lacks subject matter jurisdiction and that Verizon has failed to show by a preponderance of the evidence that the amount in controversy exceeds $5 million.  The motion is granted.

Plaintiff's complaint, brought on behalf of herself and two classes, seeks to stop Verizon's practice of billing cellular telephone customers for unauthorized mobile content services.  Such services, also known as premium text message services, include ringtones, sports score reports, weather alerts, horoscopes, and interactive radio, delivered to customers' mobile

devices.  Mobile content service providers charge and collect from their customers by "piggybacking" on cellphone bills sent out by wireless carriers such as Verizon.  To accomplish this, mobile content service providers partner with third-party aggregators such as defendant mBlox, who act as middlemen between the numerous mobile content service providers and the carriers.  When a mobile content service provider provides its services to a particular carrier's customer, the aggregator with whom the service provider has contracted and the carrier each retain a portion of the mobile content service charge collected from the customer.

Plaintiff claims that Verizon has set up and maintained its billing system in a manner that results in unauthorized and erroneous charges for mobile content services.  She seeks to represent two classes: (1) a carrier class; and (2) an aggregator class.  Plaintiff asserts claims for breach of contract, restitution, tortious interference with contract, computer tampering in violation of 720 ILCS 5/16D-3 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Defendant, as proponent of federal jurisdiction, bears the burden of establishing removal jurisdiction.  <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 447-48 (7th Cir. 2005).  A removing party must prove by the preponderance of the evidence that the amount in controversy exceeds the threshold in order to meet this burden.  <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 541, 42 (7th Cir. 2006).

To meet its burden, Verizon has provided evidence that it has 400,000 wireless customers in Illinois who subscribed to premium text messaging services, and that since inception those subscribers have been billed a total of $13 million for mobile services Verizon argues that

because plaintiff's complaint places at issue Verizon's entire system for billing mobile content, all charges that Verizon has collected from mobile customers are in controversy.

Verizon characterizes plaintiff's complaint too broadly. Plaintiff's claim includes charges for unauthorized services, not all amounts Verizon has billed and collected for mobile content services. It is impossible to tell from Verizon's submissions how many of its customers were overbilled, and by how much. To conclude that more than $5 million is in controversy the court would have to speculate as to the size of the classes and the average amount of recovery for each class member, or simply assume that the amount overcharged is approximately 38% of the total amount billed by Verizon for mobile content services. Such speculation is an insufficient basis for the assertion of subject matter jurisdiction. See Reason v. General Motors Co., 896 F. Supp. 829, 835 (S.D. Ind. 1995) (citing N.L.F.C., Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1993)).

Finally, while defendant's argument that potential punitive damages and attorney's fees should be included in establishing the amount in controversy is legally correct, it is insufficient to carry Verizon's burden. Any award of punitive damages must be based on the amount of compensatory damages awarded, and as already noted that amount is too speculative to be determined. Rather than supplying a good faith estimate of the actual amount in controversy as is Verizon's burden, adding putative damages just adds more speculation into the mix. With respect to attorney's fees, plaintiff is correct that the amount of attorney's fees to be considered as part of the amount in controversy is the amount of fees incurred at the time jurisdiction is invoked. Atteberry v. Esurance Ins. Services, Inc., 473 F. Supp.2d 876, 877 (N.D. Ill. 2007). Although Verizon has failed to provide any evidence of what those fees might be, it is highly

unlikely that at this state of the litigation they would amount to a substantial portion of the $5 million required to confer federal jurisdiction under CAFA.

Accordingly, the court concludes that Verizon has failed to provide sufficient evidence that the amount in controversy exceeds $5 million, and consequently removal was improper. Plaintiff's motion for remand to the Circuit Court of Cook County, Illinois is granted. Plaintiff's requests for attorney's fees and costs is denied.[1]

**ENTER:**      **April 29, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[1] Nothing in this order is intended to suggest that the case may not become removable in the future based on a new development. See 28 U.S.C. § 1446(b)2.